# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2012

No. 11-60829
Summary Calendar

Lyle W. Cayce
Clerk

PATRICIA LEE,

Plaintiff–Appellant

v.

WASHINGTON COUNTY, A Mississippi corporate body politic and its Board of Supervisors,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:10-CV-16

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Patricia Lee was elected as the Tax Collector for Washington County, Mississippi in 2003 and was reelected in 2007. On December 15, 2007, a Washington County grand jury indicted Lee for defrauding the State of Mississippi. Subsequently, on December 19, the Defendant–Appellee Washington County Board of Supervisors ("the Board") passed a resolution requesting that Mississippi Governor Haley Barbour

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspend Lee from her tax collector position, pending resolution of the criminal charges, and that he appoint a substitute for the interim. Barbour did so by executive order on December 26, but appointed an interim tax collector different from the one requested by the Board. The next day, the Board passed a resolution accepting Barbour's suspension of Lee.

Lee was tried twice for the fraud charges. The first trial resulted in a mistrial due to a hung jury, and after the second trial, on March 4, 2009, a jury acquitted Lee of all charges. On March 11, pursuant to a request by the Board, Barbour reinstated Lee as Washington County Tax Collector. Lee then requested that the Board reimburse her for back wages and benefits from her period of suspension as well as attorneys' fees incurred in her criminal defense. Lee's request was refused by the Board.

Lee then filed the present action in the United States District Court for the Northern District of Mississippi, alleging violations of her procedural due process rights. Both parties filed for summary judgment, and the district court held that Lee did not have a property interest in her employment as tax collector and therefore could not recover. Lee filed a motion for reconsideration. On reconsideration, the district court held, contrary to its previous decision, that although Lee did have a property interest in her continued employment, she failed to establish a violation of her due process rights.

We review a district court's judgment on cross-motions for summary judgment de novo, applying the same standards as the district court. *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009). In so doing, we address each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). We may affirm summary judgment on any basis supported by the

No. 11-20117

record. *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009).

Plaintiffs claiming violations of procedural due process must demonstrate that the state has deprived them of a liberty or property interest; if such an interest is established, "we must determine whether the procedures relative to that deprivation were constitutionally sufficient." *Wilson v. Birnberg*, 667 F.3d 591, 601 (5th Cir. 2012) (internal quotation marks omitted). Property interests protected under the Due Process Clause are not created by the Constitution, but rather by existing rules or understandings that stem from independent sources, such as state law. *Hampton Nat'l Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 225 (5th Cir. 2008) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

Even assuming, as the district court held on reconsideration, that Lee had a property interest in her continued employment as tax collector, she cannot recover because she cannot establish any property interest that the Board deprived her of. Mississippi law provides: "The salary of assessors and collectors of the various counties is fixed as full compensation for their services as county assessors or tax collectors . . . " Miss. Code § 25-3-3(2). Once Governor Barbour (a non-party) suspended Lee, she was no longer performing the "services . . . [of a] tax collector," which is what is required to receive a salary. Therefore, she cannot demonstrate any property interest in her salary post-suspension. *Cf. Gilbert v. Homar*, 520 U.S. 924, 932 (1997) ("If [her] services to the government are no longer useful once the felony charge has been filed, the Constitution does not require the government to bear the added expense of hiring a replacement while still paying [her]."); *see also In re John H. McWilliams, Esq.*, No. 2003-572, 2003 WL 22536086, at *1 (Op. Miss. Att'y Gen. Oct. 24, 2003).

Accordingly, we AFFIRM the district court's grant of summary judgment to the Board.